In the Matter of MICHAEL ALLEN S., a Child Alleged to be Neglected.—Order unanimously affirmed without costs. Memorandum: We conclude that the record supports Family Court's determination that the child was permanently neglected by respondents and that the best interests of the child would be served by terminating respondents' parental rights *(see, Matter of Gregory B.,* 74 NY2d 77; *Matter of Star Leslie W.,* 63 NY2d 136).

We reject respondents' contention that petitioner child-care agency failed to prove by clear and convincing evidence that it had fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship *(see,* Social Services Law § 384-b [7] [a]; *Matter of Gregory B., supra,* at 86; *Matter of Star Leslie W., supra,* at 142; *Matter of Sheila G.,* 61 NY2d 368, 380-381). The record establishes that every six months petitioner set up with respondents service plans and goals that respondents had to achieve in order to have the child return home. The plans provided that respondents were to attend marital counseling to establish a stable relationship and also to attend parenting skills classes. The agency also provided supervised visitation with the child on a regular basis and assisted respondents in formulating a plan for the child's future, including his need for proper medical care for his asthma. It also made referrals to assist respondents in obtaining stable and satisfactory housing.

In order for neglect to be found, petitioner must satisfy the requirement of due diligence and must establish that the parents, although physically and financially able to do so, failed to maintain contact with or plan for the future of their child for a *period of one year* after the child came into the custody of the agency (Social Services Law § 384-b [7] [a]). A default by the parent in maintaining contact with the child and realistically planning for his future will support a finding

of permanent neglect *(Matter of Gregory B., supra,* at 87; *Matter of Star Leslie W., supra,* at 142-143; *Matter of Orlando F.,* 40 NY2d 103, 110). Although the record establishes that respondents satisfied the contact requirement by exercising their right to supervised visitation with the child, both failed to plan adequately for the child's future *(see, Matter of Gregory B., supra).* "Good faith alone is not enough: the plan must be realistic and feasible" *(Matter of Star Leslie W., supra,* at 143). (Appeals from Order of Erie County Family Court, Honan, J.—Terminate Parental Rights.) Present—Callahan, J. P., Boomer, Pine, Fallon and Doerr, JJ.